IN THE UNITES STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEINENWEBER

MARY RUFFIN-THOMPKINS, )
) MAGISTRATE JUDGE NOLAN
Plaintiff, )
) No. 03C 0683
vs. )
)
EXPERIAN INFORMATION SOLTUIONS, )
)
Defendant. )

DOCKETED FILED
JAN 3 1 2003    JAN 3 0 2003

MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT**

**I. Preliminary Statement**

1. This is an action for damages brought by an individual consumer against the defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended,*.

**II. Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**III. Parties**

4. Plaintiff, MARY RUFFINS-THOMPKINS, is an adult individual and citizen of the state of Illinois.

5. Defendant, Experian Information Solutions, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois

## IV. Factual Allegations

6. Defendant has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (hereafter the "inaccurate information").

7. The inaccurate information of which Plaintiff complains is an account, or trade-line, named Firstar Bank (now USBANK) 6200333303549. Specifically, the plaintiff asserts that this account arose out of consumer fraud claim wherein Plaintiff's signature was forged onto the contract. However, the defendant has disseminated credit reports and/or information that the account is Plaintiff's and is delinquent.

8. The inaccurate information negatively reflects upon the plaintiff, plaintiff's credit repayment history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness.

9. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10. On October 31, 2002, Plaintiff has disputed the inaccurate information with the defendant by written communication to their representatives and by following defendant's established procedure for disputing consumer credit information. Further, plaintiff enclosed in her written dispute documents that either proved to the defendant that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

11. Notwithstanding plaintiff's efforts, defendant sent plaintiff correspondence indicating their intent to continue publishing the inaccurate information and defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

12. Despite plaintiff's efforts to date, defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the plaintiff.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit by various stores and banks;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendant herein.

14. At all times pertinent hereto, the conduct of the defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiff herein.

3

## COUNT ONE - FCRA

16.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.  At all times pertinent hereto, defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18.  At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.  At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20.  Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, defendant is liable to the plaintiff for engaging in the following conduct:

(a)  willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)  willfully and negligently failing to provide all relevant information provided by the plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)  willfully and negligently failing to review and consider all relevant information submitted by the plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(d)  willfully and negligently failing to delete the inaccurate information from plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to note the plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

21. The conduct of defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, defendant is liable to the plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.  JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks judgment in plaintiff's favor and damages against the defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o.

(e)   An order directing that defendant immediately delete all of the inaccurate information from plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)   An order directing that defendant send to all persons and entities to whom they have reported plaintiff's inaccurate information within the last three years plaintiff's updated and corrected credit report information; and

(g)   Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
MARY RUFFINS-THOMPKINS

By:_____
Attorney for Plaintiff

Krohn & Moss, Ltd.
Attorneys For Plaintiff
120 W. Madison St., 10th Floor
Chicago, IL 60602
Ph. (312) 578-9428
Fax. (312) 896-7415

6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



DOCKETED
JAN 3 1 2003

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** MARY RUFFIN-THOMPKINS

County of Residence: Cook

Plaintiff's Atty: Larry P. Smith
Krohn & Moss, Ltd.
120 West Madison Street,
Chicago, Illinois 60602
(312)578-9428

**Defendant(s):** EXPERIAN INFORMATION SOLUTIONS

County of Residence:

Defendant's Atty:

JUDGE LEINENWEBER
03C 0683
MAGISTRATE JUDGE NOLAN

FILED
JAN 3 0 2003
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff: - 1 Citizen of This State
Defendant: - 4 IL corp or Principal place of Bus. in IL

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 890 Other Statutory Actions

**VI. Cause of Action:** 15 U.S.C. 1681 Fair Credit Reporting Act

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

FILED-ED5
03 JAN 30 AM 10:01
CLERK
U.S. DISTRICT COURT

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: [signature]

Date: 1/30/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

1-2

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

Double click on question mark for appearance form instructions

In the Matter of

**MARY RUFFIN-THOMPKINS**
vs.
**EXPERIAN INFORMATION SOLTUIONS**

DOCKETED JAN 3 1 2003

Case Number: **03C 0683**

JUDGE LEINENWEBER

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Mary Ruffin-Thompkins

MAGISTRATE JUDGE

| (A) | (B) |
|---|---|
| SIGNATURE [signed] | SIGNATURE |
| NAME: Larry P. Smith | NAME: Stephanie R. Gast |
| FIRM: Krohn & Moss, Ltd. | FIRM: See (A) |
| STREET ADDRESS: 120 West Madison Street | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 576-9428 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6217162 | IDENTIFICATION NUMBER: 6277514 |
| MEMBER OF TRIAL BAR? YES ✓ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ✓ |
| TRIAL ATTORNEY? YES ✓ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ✓ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED JAN 3 0 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: David M. Marco | NAME: |
| FIRM: See (A) | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6273315 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ✓ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ✓ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |