## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARY RUFFIN-THOMPKINS,

    *Plaintiff*,

    v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    *Defendant*.

Civil Action No.  03 C. 0683

Judge Leinenweber
Magistrate Judge Nolan

**FILED**

OCT X 9 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF MOTION

**DOCKETED**

OCT 1 4 2003

TO:    See Attached Service List

    **PLEASE TAKE NOTICE** that on the **9**[th] day of **October, 2003,** we filed with the

Clerk of the United States District Court, 219 South Dearborn, Chicago, Illinois the following

document: **Defendant Experian Information Solution Inc.'s Motion for Summary

Judgment**, a copy of which is served upon you.

Dated: October 9, 2003

                Respectfully submitted,

                *Karey Skiermont*

                Karey Skiermont
                JONES DAY
                77 West Wacker Drive
                Chicago, IL  60601-1692
                Telephone:  (312) 782-3939
                Facsimile:  (312) 782-8585

                Counsel for Defendant
                EXPERIAN INFORMATION SOLUTIONS,
                INC.

# SERVICE LIST

Larry Smith, Esq.                      **VIA HAND DELIVERY**
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(312) 578-9428

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

**OCT 1 4 2003**

MARY RUFFIN-THOMPKINS,

    *Plaintiff,*

    v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    *Defendant.*

Civil Action No. 03 C 0683

Judge Leinenweber
Magistrate Judge Nolan

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(e) and Northern District of Illinois Local

Rule 56.1, Defendant Experian Information Solutions, Inc. ("Experian") hereby moves for

summary judgment on each claim in Plaintiff's Complaint and has attached hereto a Statement of

Material Facts.  Experian has separately filed a Memorandum in Support of Summary Judgment

setting forth the grounds for its motion and an Appendix of Exhibits in Support of Summary

Judgment and incorporates the same as if fully set forth herein.

Dated: October 9, 2003

Respectfully submitted,

*Karey Skiermont*

Karey Skiermont
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY RUFFIN-THOMPKINS, | |
| *Plaintiff,* | |
| v. | Civil Action No. 03 C 0683 |
| EXPERIAN INFORMATION SOLUTIONS, INC., | Judge Leinenweber |
| *Defendant.* | Magistrate Judge Nolan |

**EXPERIAN INFORMATION SOLUTIONS INC.'S RULE 56.1(A)(3) STATEMENT OF**
**MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Experian Information Solutions, Inc. ("Experian") submits this statement pursuant to Local Rule 56.1(a)(3) in support of its Motion for Summary Judgment.

1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1337 because this case involves federal questions that arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (Compl. ¶ 2, Ex. 1.)

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Experian transacts business in this district. (*Id.*)

3.    Plaintiff Mary Ruffin-Thompkins ("Plaintiff") is a citizen of the state of Illinois and a "consumer" as defined by the Fair Credit Reporting Act. 15 U.S.C. § 1681a(c).

4.    Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency, as defined by the Fair Credit Reporting Act. 15 U.S.C. § 1681a(f).

5.    Plaintiff filed a complaint against Experian on January 30, 2003. (Compl., Ex. 1.)

6.      Plaintiff's complaint purports to state claims against Experian under Sections 1681e(b) and 1681i(a), 1681i(c) of the Fair Credit Reporting Act. (*Id.* at ¶¶16-21.)

7.      On or about October 7, 2002, Plaintiff contacted Experian by mail to request an investigation of a car repossession in her credit file connected with Grossinger City Toyota. This correspondence included a letter from Plaintiff requesting an investigation and a letter to Grossinger City Toyota from Plaintiff's attorney mentioning its intent to represent Plaintiff. Neither Plaintiff's letter nor her attorney's letter mentioned the US Bank account. (EXP 001-004, Ex. 3; Hughes Decl. ¶ 13, Ex. 4).

8.      On October 14, 2002, Experian sent and Plaintiff received a copy of her credit file and a letter from Experian stating that "Using the information provided the following item was not found: Grossinger City Toyota." (EXP 013-020; Ex. 5).

9.      Experian is unable to determine the reasons a consumer disagrees with information that Experian is reporting unless the consumer identifies the item or items they are disputing and explain why they are disputing them. Experian does not have access to creditors' records. Any assumption on Experian's part would be arbitrary and would jeopardize the integrity of the information within Experian's system. (Hughes Decl. ¶ 10).

10.     On or about December 23, 2002, Plaintiff contacted Experian by mail to request an investigation of the US Bank account appearing in her credit file. This correspondence included a letter from Plaintiff requesting an investigation, a letter from Plaintiff's counsel to Plaintiff informing her of settlement in the lawsuit between Plaintiff and Grossinger City Toyota, and a letter from the Plaintiff's attorney mentioning its intent to represent Plaintiff in her action against Grossinger City Toyota. (Pl.'s Resp. to Def.'s Reqs. to Admit ##2, 3, Ex. 2; EXP 021-026; Ex. 6).

11.     Prior to January 2, 2002, when Experian received Plaintiff's letter, Experian had

not reason to doubt the accuracy of the US Bank account appearing on Plaintiff's credit report.

(Hughes Decl. ¶ 16, Ex. 4).

12.     Experian sent a Consumer Dispute Verification form ("CDV") to US Bank on the

same day that it received Plaintiff's letter, January 2, 2002. (EXP 035, Ex. 7; Hughes Decl. ¶ 17,

Ex. 4).

13.     In the CDV, Experian describes Plaintiff's dispute to US Bank: "Claims Company

Will Change or Delete." (EXP 035, Ex. 7).

14.     On the CDV form returned to Experian on January 9, 2003, US Bank stated that

the account had been closed at the consumer's request and that it had a zero balance. (*Id.*)

15.     US Bank did not delete Plaintiff's account; rather, US Bank updated and verified

the Plaintiff's account. *Id.*

16.     Experian mailed confirmation of the results of Experian's reinvestigation of

Plaintiff's dispute to Plaintiff on January 16, 2003, within 30 days of receiving Plaintiff's request

for reinvestigation.  Plaintiff received the results of the reinvestigation. (EXP 038-045, Ex. 8;

Pl.'s Resp. to Def.'s Reqs. to Admit #5, Ex. 2).

17.     Plaintiff made no attempt to contact Experian, either personally or through her

attorneys, between December 23, 2002 and January 30, 2003, the date that Plaintiff filed her

Complaint. (Pl.'s Resp. to Def.'s Reqs. to Admit # 8, Ex. 2).

18.     Plaintiff did not apply for credit or, therefore, receive any credit denials, after

December 23, 2002, when Plaintiff disputed the US Bank account, and April 5, 2003. (EXP

056-061, Ex. 9; Hughes Decl. ¶ 22)

19.     Three of the places where Plaintiff claims to have been denied credit, Premier

Bank Card, Providian, and CorTrust Bank, have no record of Plaintiff applying for credit.

(8/6/03 letter from Premier Bank, Ex. 11; 8/14/03 letter from Providian, Ex. 12; Tuneder Decl.

¶¶ 3-4, Ex. 13).

20.     On April 5, 2003, Experian deleted the US Bank account in Plaintiff's credit file,

pursuant to notification from US Bank.  (Hughes Decl. ¶ 23).

21.     Plaintiff never requested that a "consumer dispute statement" be added to her

personal credit report.  (Pl.'s Resp. to Def.'s Reqs. to Admit #22, Ex. 2).

Dated: October 9, 2003                    Respectfully submitted,

                                          _Karey Skiermont_

                                          Karey Skiermont
                                          JONES DAY
                                          77 West Wacker Drive
                                          Chicago, IL  60601-1692
                                          Telephone:  (312) 782-3939
                                          Facsimile:  (312) 782-8585

                                          Counsel for Defendant
                                          EXPERIAN INFORMATION SOLUTIONS,
                                          INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

OCT 1 4 2003

MARY RUFFIN-THOMPKINS,

    *Plaintiff,*

    v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    *Defendant.*

Civil Action No. 03 C 0683

Judge Leinenweber
Magistrate Judge Nolan

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**I      INTRODUCTION**

The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") governs the report

of consumer credit information and establishes the framework in which a consumer can dispute

information in his or her credit file.  Plaintiff Mary Ruffin-Thompkins ("Plaintiff") discovered

that her credit file contained negative information, including a US Bank account reflecting a car

repossession.  Plaintiff wrote Experian Information Solutions, Inc. ("Experian") twice to request

an investigation; on the first occasion, she did not provide Experian with the specific name of the

account she wished to dispute, but instead only notified Experian that the account was connected

with Grossinger City Toyota.  Experian notified Plaintiff that it could not find a Grossinger City

Toyota account in her credit file.  On the second occasion, Experian conducted a reinvestigation

according to Plaintiff's dispute of the US Bank account, and US Bank verified the account.

Plaintiff admits all of the above.  Nevertheless, Plaintiff filed this lawsuit against

Experian, claiming that Experian failed to follow reasonable procedures and failed to conduct a



reasonable reinvestigation. Because Plaintiff's claims fail, Experian seeks the entry of summary judgment in its favor.

## II      SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation omitted).

## III      EXPERIAN COMPLIED WITH THE FCRA

### A.      Plaintiff's § 1681e(b) Claim Fails as a Matter of Law

A credit reporting agency is not strictly liable for all inaccuracies that may appear in a consumer's credit report. *Sepulvado v. CSC Credit Serv., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998). Rather, the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

To prove her Section 1681e(b) claim, Plaintiff must establish that (1) the disputed US Bank account was inaccurate; (2) the inaccuracy was due to Experian's failure to employ reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report; (3) that the disputed inaccuracy caused Plaintiff injury; and (4) that damages resulted. *Cahlin v.*

*GMAC*, 936 F. 2d 1151, 1156 (11th Cir. 1991); *Zahran v. Transunion Corp.*, No. 01 C 1700, 2003 WL 1733561, at *4 (N.D. Ill. March 28, 2003), attached as Ex. 15. Oftentimes the issue of whether a credit reporting agency employed "reasonable procedures" is a question of fact for the jury. *See, e.g., Houston v. TRW Info. Sys.*, 707 F. Supp. 689, 694 (S.D.N.Y. 1989). Such is not the case here. The case at bar stands out because Plaintiff cannot prove all the essential elements of her Section 1681e(b) claim and, therefore, judgment is appropriate as a matter of law. *See, e.g., Ladner v. Equifax*, 828 F. Supp. 427, 430 (S.D. Miss. 1993).

**1.      Experian Had No Notice Of An Inaccuracy On Plaintiff's Report**

The first fissure in Plaintiff's reasonable procedures claim is that Experian cannot be liable for inaccuracies of which it has no notice. In *Whelan v. Trans Union*, 862 F. Supp. 824, 830 (E.D.N.Y. 1994), for example, the court deemed plaintiffs' section 1681e(b) claim "fatal" because the credit reporting agency was not notified of the inaccurate information. *See also Zahran*, 2003 WL 1733561, at *5 ("[I]ndependent verification of information provided by creditors is not needed absent knowledge that the information may be inaccurate."), Ex. 15. After all, Congress recognized that total accuracy in consumer reports is not a realistic objective and that credit reporting agencies should not be held strictly liable for inaccuracies. *Cahlin*, 936 F.2d at 1156; *Equifax v. FTC*, 678 F.2d 1047, 1048-49 (11th Cir. 1982); *Whelan*, 862 F. Supp. at 829; *Ladner*, 828 F. Supp. at 430.

Plaintiff contacted Experian via a letter written on October 3, 2003 to dispute an account connected with Grossinger City Toyota, but Plaintiff's letter did not mention US Bank, the creditor name associated with the account. (Experian Information Solutions, Inc.'s Rule 56.1(A)(3) Statement of Material Facts in Support of its Motion for Summary Judgment ("Experian 56.1") ¶ 7). Experian is unable to determine the reasons a consumer disagrees with information Experian is reporting unless the consumer identifies the item or items she is

disputing, and explains why she is disputing them.  (*Id.* at ¶ 9).  Experian initiated a review of

Plaintiff's file using the information she provided regarding Grossinger City Toyota and

determined that Grossinger City Toyota did not appear in Plaintiff's credit file.  (*Id.* at ¶ 8).

Experian notified Plaintiff of these results on October 14, 2002.  (*Id.*).  Until Experian received

Plaintiff's letter of December 23, 2002, Experian had no reason to doubt the accuracy of the US

Bank account appearing on Plaintiff's credit report.  (*Id.* at ¶ 11).

      Once notified of a potential inaccuracy, Experian followed its reasonable procedures to

reinvestigate Plaintiff's dispute to ensure the maximum possible accuracy of Plaintiff's credit

information.  In accordance with Experian's established procedures, on the same day that

Experian received Plaintiff's letter disputing the US Bank account, Experian sent a Consumer

Dispute Verification form ("CDV") to US Bank.  (*Id.* at ¶ 12).  Experian updated Plaintiff's

credit report in accordance with US Bank's edits to Plaintiff's account information.  (*Id.* at ¶¶ 14-

15.)  Within thirty days of receiving Plaintiff's dispute, Experian sent Plaintiff a copy of her

credit disclosure reflecting US Bank's edits and the results of Experian's reinvestigation.  (*Id.* at

¶ 16.)  After Plaintiff filed this lawsuit, US Bank notified Experian that Plaintiff's US Bank

account be deleted.  (*Id.* at ¶ 20).  Per Experian's established procedures, Experian removed the

US Bank information from Plaintiff's report.  (*Id.*).

      In sum, Plaintiff's section 1681e(b) claim fails because prior to December 23, 2002

Experian had no notice of any inaccuracy in the US Bank account,  and after December 23, 2002,

Experian used reasonable procedures to reinvestigate the disputed information.  *See Zahran*,

2003 WL 1733561, *6, Ex. 15; *Field v. Trans Union LLC*, No. 1 C 6398, 2002 WL 849589, at

*4 (N.D. Ill. May 3, 2002), attached as Ex. 16; *Tinsley v. Trans Union Corp.*, 879 F. Supp. 550,

552 (D. Md. 1995); *Whelan*, 862 F. Supp. at 829.

### 2.   Experian Did Not Cause Plaintiff's Alleged Damages

Because Experian employed reasonable procedures as a matter of law, Plaintiff's Section 1681e(b) claim fails. Plaintiff's claim fails on another prong as well: Plaintiff cannot prove causation – that an inaccuracy on her Experian report caused her any injury. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001).(affirming grant of summary judgment because "[w]ithout a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'") (citations omitted); *Evans v. The Credit Bureau*, 904 F. Supp.2d 123, 126 (W.D.N.Y. 1995) (granting motion for summary judgment in part because "plaintiff still failed to present affirmative evidence that he was in fact denied a loan application or required to pay excessive interest rates because of the alleged incorrect information contained in the credit report").

First, Plaintiff claims she was denied credit by Car Max, Amcore Bank, Premier Bank Card, Providian Financial, and CorTrust Bank. (Pl. Resp. to Def. Interrogs. ¶ 20, Ex. 10). Providian Financial, Premier Bank Card, and CorTrust Bank have no record of Plaintiff applying for credit with them at all. (Experian 56.1 ¶ 19). Plaintiff lacks proof that any other denials were based on an Experian credit report. Moreover, it is undisputed that Plaintiff made no applications for credit between December 23, 2002 (the time at which she notified Experian of the allegedly incorrect US Bank account) and April 5, 2003 (the time at which the account was deleted from Plaintiff's report). (*Id.* at ¶ 18). To paraphrase a recent decision in the Northern District of Illinois, "during the critical period of potential liability – from the moment Experian was notified of the inaccuracy on [December 23, 2002] to the moment that the collection account was ultimately removed from [Plaintiff's] report on [April 5, 2003], no outside party even asked to look at [Plaintiff's] report, let alone denied [her] a line of credit that might give rise to monetary damages." *Lee v. Experian*, No. 02 C 8424, at 11 (N.D. Ill. Oct. 2, 2003) (Shadur, J.);

attached as Ex. 17. Therefore, to the extent an inaccurate credit report issued or Plaintiff was

denied credit, such occurred before Plaintiff even brought the matter to Experian's attention.

*Whelan*, 862 F. Supp at 830 (granting motion for summary judgment in part because there was

no evidence that credit reporting agency was on notice that inaccurate information was appearing

in plaintiffs' credit report when alleged injury occurred).

  Second, Plaintiff seeks "out of pocket expenses associated with disputing the

information" and "decreased credit score which may result in inability to obtain credit on future

attempts." (Compl. ¶ 14, Ex. 1.)  Although Plaintiff alleges that she suffered out of pocket

expenses associated with disputing the information on her credit report, when asked in discovery

what actual damages she had suffered, Plaintiff did not even mention these alleged out of pocket

expenses. (Pl. Resp. to Def. Interrogs. ¶ 20, Ex. 10).  As to the "[d]ecreased credit score which

may result in inability to obtain credit on future attempts," (Compl. ¶ 13, Ex. 1) it is undisputed

that the account was deleted from Plaintiff's credit report on April 5, 2003.  Notably, Plaintiff

did not attempt to obtain credit between December 23, 2002, when she notified Experian of her

dispute and April 5, 2003, when the account was deleted from her file.  (Experian's 56.1 ¶ 18.)

The alleged inaccuracy cannot, and has not, caused any impact to Plaintiff's "future attempts."

*See, e.g., Whelan*, 862. F. Supp. at 830; *Lee*, No. 02 C 8424, at 11, Ex. 17.

  Finally, Plaintiff alleges she has experienced "emotional distress and mental anguish" as

a result of the allegedly incorrect US Bank account on her credit report. (Compl. ¶ 14, Ex. 1.)

Plaintiff is not entitled to damages based upon emotional distress because she fails to

demonstrate that her emotional distress was caused by Experian, and not by US Bank or

Grossinger City Toyota. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995)

("[Plaintiff] was not entitled to pain and suffering damages in this case, because he failed to

show that his emotional distress was caused by [the credit reporting agency], as opposed to [the creditor].").  Plaintiffs suing under the FCRA may not recover mental distress damages absent a denial of credit or other actual harm caused by the defendant's credit report.  *See, e.g., Cousin*, 246 F.3d at 370-71; *Casella*, 56 F.3d at 475; *Sutherland v. TRW*, No. 94 C 6264, 1996 U.S. Dist. LEXIS 3320, at *21-23 (N.D. Ill. March 20, 1996), attached as Ex. 18; *Ladner*, 828 F. Supp. at 432.  Thus, Plaintiff's claims of harm should be rejected due to a lack of causation between the harm alleged by Plaintiff and Experian's alleged violations of the FCRA.  *See Casella*, 56 F.3d at 475.

## B.   Experian Conducted A Proper Reinvestigation Pursuant To Section 1681i(a)

The FCRA requires credit reporting agencies to reinvestigate information that is disputed by a consumer and delete inaccurate or unverifiable information.  15 U.S.C. § 1681i(a).  A credit reporting agency complies with the reinvestigation requirements of the FCRA by reinvestigating disputed information with the source of the information.  *Boothe v. TRW Credit Data*, 768 F. Supp. 434, 438 (S.D. N.Y. 1991).

Here, Experian's investigation fully complied with Section 1681i(a).[1]  On December 23, 2002, Plaintiff contacted Experian by letter to request an investigation.  (Experian 56.1 ¶ 10.)  Experian sent a Consumer Dispute Verification ("CDV") form to US Bank on the very same day.  (*Id.* at ¶ 12).  In the CDV, Experian directly stated the nature of Plaintiff's dispute as "claims company will change or delete," in accordance with the letter from her attorney that Plaintiff attached to her dispute letter.  (*Id.* at ¶ 13).  Describing Plaintiff's dispute in a CDV fulfills Experian's obligation under Section 1681i(a).  *Dickens v. Trans Union Corp.*, No. 00-5605, 2001 WL 1006259, at *4 (6th Cir. Aug. 23, 2001), attached as Ex. 14; *Podell v. Citicorp Diners Club*,

*Inc.* 914 F. Supp. 1025, 1032, 1035 (S.D. N.Y. 1996); *Booth*, 768 F. Supp. at 435, 438. "Quite

understandably in light of the staggering amount of credit that fuels our economy and the

enormous burden (and hence cost) that a general requirement of more detailed follow-up

procedures would impose on the system, the CDV procedure alone is accepted by courts as an

adequate method for both assuring accuracy and for reinvestigation." *Lee*, No. 02 C 8424, at 17,

Ex. 17.

In completing the CDV and responding to Experian's investigation, US Bank noted that

the account was closed with a zero balance, and instructed Experian to change the account to

"account closed at consumer's request." (Experian's 56.1 ¶ 14). US Bank did not delete

Plaintiff's account; rather, US Bank updated and verified Plaintiff's account. (*Id.* at ¶ 15).

Plaintiff gave Experian no reason to question US Bank, given that Plaintiff's underlying dispute

was with Grossinger City Toyota. (*Id.* at ¶ 10). *See Podell*, 914 F. Supp. at 1032 (Stating that

"there is no evidence that [the credit reporting agency] had reason to question the accuracy of the

initial information submitted by [the underlying creditor], and the promptness with which [the

credit reporting agency] responded to plaintiff's protest constitutes compliance with 15 U.S.C.

§ 1681i(a) as a matter of law.") (brackets added).

Experian's reinvestigation by sending a CDV to US Bank was statutorily sufficient. *See*

*Lee*, No. 02 C 8424, at 15; Ex. 17. This, like the situation in *Lee*, "was not a situation in which

[the creditor] failed to return the CDV form to Experian or indicated that there was any doubt as

to the completeness of the information it was providing on the CDV." *Id.* at 17. Importantly, US

Bank did not respond to Experian that the account should be deleted entirely, even in the face of

---

(continued...)

[1] In addition, Plaintiff's Sections 1681i(a) and 1681i(c) claims fail, just as the section 1681e(b) claim fails, for failure to show causation and damages. *Casella*, 56 F. 3d. at 475 (affirming summary judgment in § 1681i case in part because the plaintiff failed to prove causation).

Experian's notation on that Plaintiff claimed US Bank would "change *or* delete" the account.
*See id.*

Experian mailed confirmation of the results of Experian's investigation of Plaintiff's
dispute to Plaintiff on January 16, 2003, within thirty days of Plaintiff's request for investigation.
(Experian's 56.1 ¶ 16).  As directed by US Bank, Experian deleted the US Bank account from
Plaintiff's credit report on April 5, 2003. (*Id.* at ¶ 20).  Experian conducted a proper
reinvestigation under the FCRA. 15 U.S.C. § 1681i(a)(1),(5),(6); *see also Zahran*, 2003 WL
1733561, at *7, Ex. 15; *Lee*, No. 02 C 8424, at 17-18, Ex. 17.  Accordingly, Plaintiff's challenge
to Experian's reinvestigation fails as a matter of law.

### C.    Plaintiff Admittedly Did Not Request A Consumer Dispute Statement Pursuant To Section 1681i(c)

In enacting the FCRA, Congress recognized that even a proper reinvestigation may not
resolve the consumer's dispute and, therefore, Congress provided a unique remedy. *See Cahlin*,
936 F.2d at 1156 n.3.  If the consumer continues to dispute the information, the FCRA does not
require that the information in question be deleted but rather provides that the consumer may
supply a consumer dispute statement to be added to her credit report. 15 U.S.C. § 1681i(b),(c).
Plaintiff alleges that Experian violated Section 1681i(c) by "failing to note the Plaintiff's dispute
of the inaccurate information and [sic] in subsequent consumer reports." (Compl. ¶ 20, Ex. 1.)
According to the FCRA, a consumer must request and provide a consumer dispute statement in
order for that statement to be added to her report. 15 U.S.C. § 1681i(b); *see also Casella*, 56
F.3d at 474; *Podell*, 914 F. Supp. at 1032-33; *Boothe*, 768 F. Supp. at 439.  Plaintiff admits that
she did not request that Experian add a consumer dispute statement to her credit report.
(Experian 56.1 ¶ 21).  Therefore, summary judgment as to Plaintiff's section 1681i(c) claim is
appropriate.

## IV   PLAINTIFF'S CLAIMS OF PUNITIVE DAMAGES FAIL AS A MATTER OF LAW

To recover punitive damages under the FCRA, Plaintiff must show that Experian willfully failed to comply with the FCRA. 15 U.S.C. § 1681n. To prove willfulness, Plaintiff carries the heavy burden of showing that Experian knowingly and intentionally committed an act in conscious disregard of her rights. *Casella*, 56 F.3d at 476.

There is no genuine issue of material fact in the instant matter because Plaintiff has no evidence of any willful conduct. It is undisputed that when Plaintiff disputed the accuracy of the US Bank account on her report, Experian immediately reinvestigated and sent Plaintiff a copy of her updated report. (Experian 56.1 at ¶¶ 10-16). Experian verified the information at Plaintiff's request and was told by US Bank that Plaintiff was responsible for the debt. (*Id.* at ¶¶ 12-15). Such conduct proves that the defendant does not possess a willful intent to injure the plaintiff. *See, e.g., Cousin*, 246 F.3d at 373-75; *Zahran*, 2003 WL 1733561, at *7, Ex. 7. Experian neither knowingly misrepresented nor concealed Plaintiff's consumer report from her. *Cousin*, 246 F.3d at 372; *Sutherland v. TRW*, 1996 U.S. Dist. LEXIS 3320, at *29 (N.D. Ill. Mar. 20, 1996); attached as Ex. 18. Thus, Plaintiff's claim for punitive damages fails and should be dismissed.

## V   CONCLUSION

For each of the foregoing reasons, Experian respectfully requests that this Court enter summary judgment in its favor and dismiss this case with prejudice.

Dated: October 9, 2003                    Respectfully submitted,

_Karey Skiermont_

Karey Skiermont
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

## CERTIFICATE OF SERVICE

I, Karey Skiermont, certify that on the 9th day of **October, 2003,** during business hours, I served the foregoing **Experian Information Solution, Inc.'s Motion for Summary Judgment** on counsel of record by causing a true and correct copy to be sent via hand delivery to the persons listed on the attached Service List.

Karey Skiermont

## SERVICE LIST

Larry Smith, Esq.                    **VIA HAND DELIVERY**
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(312) 578-9428